## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM RANCE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-00964 |
| | ) | |
| BARBARA RICKARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss. (Document No. 16.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's above Motion should be granted.

### FACT AND PROCEDURE

On May 24, 2018, Petitioner, acting *pro se*, filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner argues that he is being improperly denied a sentencing reduction pursuant to 18 U.S.C. § 3621. (Id.) Petitioner explains that even though he completed the Residential Drug Abuse Program ["RDAP"], the BOP is denying him early release. (Id., p. 6.) Petitioner explains that he is being denied early release because his presentence investigation report ("PSR") contains

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

inaccurate information. (Id.) Specifically, Petitioner states that his PSR incorrectly states that Petitioner received a two-level enhancement for possession of a firearm. (Id.) As relief, Petitioner requests that this Court "issue an Order to the BOP and to the Probation Department in Nashville, TN, to verify the accuracy of the information in my PSI that is being used to deny my consideration for time off under 18 U.S.C. § 3621(e) once I complete the RDAP program." (Id., p. 7.)

As Exhibits, Petitioner attaches the following: (1) A copy of his "Request for Administrative Remedy" dated July 19, 2017 (Remedy ID No. 910209) (Id., p. 9.); (2) A copy of Warden Francisco J. Quintana's Response dated August 8, 2017 (Id., p. 10.); (3) A copy of Petitioner's Regional Administrative Remedy Appeal dated August 20, 2017, and supporting Exhibits (Id., pp. 11 – 17.); (4) A letter from Petitioner to the Chief Probation Officer for the Middle District of Tennessee dated September 20, 2017 (Id., p. 19.); (5) A copy of Regional Director Angela P. Dunbar's Response dated October 6, 2017 (Id., p. 20.); (6) A copy of Petitioner's "Inmate Request to Staff" dated November 22, 2017 (Id., p. 21.); (7) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated November 29, 2017 (Id., p. 22.); (8) A copy of Petitioner's "Request for Administrative Remedy" dated May 20, 2017 (Remedy ID No. 903364) (Id., p. 23.); (9) A copy of Petitioner's "Request for § 3621(e) Offense Review" dated April 27, 2017 (Id., pp. 24 – 26.); (10) A copy of pertinent pages from the transcripts of Petitioner's plea hearing and plea agreement (Id., pp. 28 – 31.); (11) A copy of Warden Quintana's Response dated June 5, 2017 (Id., pp. 32 - 33.); (12) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated June 15, 2017 (Id., p. 34.); (13) A copy of Regional Director Dunbar's Response dated September 5, 2017 (Id., p. 35.); (14) A copy of

Petitioner's "Central Office Administrative Remedy Appeal" dated September 19, 2017 (Id., p. 36.); and (15) A copy of Administrator Ian Connors' Response dated October 10, 2017 (Id., p. 37.).

By Order entered on July 16, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 8.) On August 16, 2018, Respondent filed her "Response to the Order to Show Cause and Motion to Dismiss." (Document No. 16.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "The BOP's Central files are exempt from the Amendment and Civil Remedies Provisions of the Privacy Act" (Id., pp. 2 – 4.); and (2) "Petitioner's challenge to the accuracy of the information in his PSR is without merit" (Id., pp. 4 – 5.).

As Exhibits, Respondent attaches the following: (1) The Declaration of William Craddock (Document No. 18, pp. 1 - 2.); (2) A copy of a letter from the BOP to the United States Probation Office ("USPO") for the Middle District of Tennessee dated July 27, 2017 (Id., pp. 3 - 4.); and (3) A copy of a letter from the USPO for the Middle District of Tennessee to the BOP dated August 1, 2017 (Id., p. 5.).

By Order and Notice entered on August 16, 2018, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 19.) On September 10, 2018, Petitioner filed a Motion to Extend Time and for a Copy of Respondent's Response/Motion to Dismiss. (Document No. 23.) By Order entered on September 11, 2018, the undersigned granted Petitioner's Motion and directed Respondent to provide Petitioner with a copy of her "Response to the Order to Show Cause and Motion to Dismiss." (Document No. 24.) By letter dated

September 28, 2018, Petitioner notified the Court that he had not received a copy of the Respondent's "Response to the Order to Show Cause and Motion to Dismiss." (Document No. 25.) By Order entered on October 1, 2018, the undersigned again directed Respondent to provided Petitioner with a copy of her "Response to the Order to Show Cause and Motion to Dismiss." (Document No. 26.) On October 5, 2018, Respondent filed her "Response to Court Order" stating, in pertinent part, as follows:

> Having received the Court's Order of this date, this office called FCI Beckley to inquire the whereabouts of Petitioner's documents. As of October 1, 2018, Respondent was advised by a staff member of FCI Beckley, that Petitioner has viewed Respondent's "Response to Order to Show Cause and Motion to Dismiss" and Sealed Exhibits (Document Nos. 16 and 18). Respondent now believes that Petitioner has received a copy of the "Respondent to Order to Show Cause and Motion to Dismiss."

(Document No. 27.) Petitioner has failed to file a Reply to Respondent's Response.

## DISCUSSION

1.    **Petitioner's Challenge to the Accuracy of his PSR under the Privacy Act:**

In her Motion to Dismiss, Respondent argues that Petitioner has not stated a proper claim under the Privacy Act. (Document No. 16., pp. 2 - 4.) Respondent contends that the BOP's Central Files are exempt from the provisions of the Privacy Act. (Id.) Petitioner has not filed a Response to Respondent's above argument.

Under the Privacy Act, a federal agency such as the BOP, is required to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 522a(e)(5). The Privacy Act allows an individual to access records pertaining to the individual and to request an amendment to any

record that the individual believes to be incorrect. 5 U.S.C. § 522a(d)(2). If the agency fails to comply with the requirements of the Privacy Act and "consequently a determination is made which is adverse to the individual," the affected individual may bring a civil action against the agency. 5 U.S.C. § 522a(g)(1). To establish a claim under the Privacy Act, a plaintiff must demonstrate the following elements: "(1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected [plaintiff], and (4) the disclosure was willful or intentional." Carte v. United States, 2010 WL 3259420, * 4 (S.D.W.Va. Aug. 18, 2010).

The Privacy Act, however, allows certain government agencies to promulgate regulations that "exempt any system of records with the agency from any part of [the Act]." See 5 U.S.C. § 552a(j)(2); also see Martinez v. BOP, 444 F.3d 620 (D.D.C. Cir. 2006); Doyon v. Dept. of Justice, 304 F.Supp.2d 32, 33-34 (D.D.C. 2004). The BOP has exempted the "Inmate Central Records System" from the Privacy Act. See 28 C.F.R. 16.97(j). "An inmate's Presentence Investigation Report is maintained in the inmate's Central File, which is part of the BOP's Central Records System." (Document No. 18, p. 1.) Thus, an inmate's PSR which is a record contained with the "Inmate Central Records System" is exempt from the Privacy Act's amendment and accuracy requirements. See White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998)(finding that an inmate was barred from seeking amendment of his PSR because "presentence reports and BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act"); Brown v. Bureau of Prisons, 498 F.Supp.2d 298, 302 (D.C. Cir. 2007)("Because BOP regulations exempt the Inmate Central Records System from subsection (d) of the Privacy Act, Plaintiff cannot obtain the relief he seeks, that is,

amendment of the PSR itself."); <u>Reeves v. Federal Bureau of Prisons</u>, 885 F.Supp.2d 384 (D.D.C. Aug. 17, 2012)(dismiss inmate's Privacy Act claim after noting that the BOP had exempted the Inmate Central File); <u>Hill v. United States</u>, 2010 WL 391627 (N.D.W.Va. Jan. 26, 2010)(same). Based upon the foregoing, the undersigned respectfully recommends that Petitioner's challenge to the accuracy of his PSR pursuant to the Privacy Act should be dismissed.

**2.    Petitioner's Challenge to the Accuracy of his PSR is without merit.**

Although Respondent contends that an inmate must generally challenge the accuracy of information contained within BOP records under the provisions of the Privacy Act, Respondent acknowledges that "in limited situations habeas actions may be brought where a ruling in an inmate's favor would directly impact the duration of his confinement." (Document No. 16, fn. 1.) In the instant case, Petitioner argues that he is being denied early release under Section 3621(e)[2] due to inaccurate information contained within his PSR. (Document No. 1.) Petitioner explains that his PSR incorrectly states that Petitioner received a two-level enhancement for possession of a firearm. (<u>Id.</u>)

BOP Program Statement 5800.17, "Inmate Central File, Privacy Folder, and Parole Mini-Files," provides the framework for the BOP when an inmate challenges information

---

[2] Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program.

contained within his file. Section 11(c) of Program Statement 5800.17 addresses an inmate's

challenge to information contained within his Central File. Specifically, Section 11(c) provides

as follows:

> c. **Inmate Challenge to Information**. An inmate may challenge the accuracy of Central File materials. Unit staff take reasonable steps to ensure the accuracy of challenged information, particularly when that information is capable of being verified. The inmate is required to provide staff with sufficient information in support of a challenge (names of persons to contact, government agency, etc.). When an inmate provides such information, staff review the alleged error(s) and take reasonable steps to ensure the information is correct.
>
> For example, if an inmate challenges information in the PSR, staff instruct the inmate to prepare a written challenge, which staff then forward to the appropriate U.S. Probation Office (USPO). USPO procedures, however, do not allow changes or addendums to be made to the Presentence Investigation Report after sentencing, since it is a court document.
>
> If the USPO subsequently reports that the challenged information, or some part thereof, is not accurate, staff attach the inmate's inquiry and the USPO response to the challenged document. Staff file this information in the applicable section of the Inmate Central File, and also make a notation on the Inmate Activity Record (BP-A0381) to ensure that future decisions affecting the inmate are not based on discredited information.
>
> When the USPO verifies that the information in the PSR is inaccurate, as claimed by the inmate, staff subsequently review, and, where indicated, correct Bureau-generated reports or data such as the Inmate Load and Security Designation form (BP-A0337), the Custody Classification form (BP-A0338), Progress Report, and any other reports that may have been based on the PSI. Bureau reports, data, or SENTRY transactions should be corrected within a reasonable period of time after identification of an inaccuracy.
>
> If the information source provides a corrected document or data, it should be immediately inserted in the file or data base and the inaccurate information or document removed. A notation on the Inmate Activity Record form should acknowledge the insertion of the corrected information or document.

P.S. 5800.17(11)(c).

A review of the record reveals that the BOP complied with its above policy. (Document

No. 18, pp. 3 – 5.) By letter dated July 27, 2017, Case Manager E. Schneider contacted the Chief

Probation Officer for the Middle District of Tennessee regarding Petitioner's challenge to the

accuracy of his PSR regarding a two-level enhancement for possession of a firearm.[3] (Id., pp. 3 –

4.) By letter dated August 1, 2017, Chief Probation Officer Robert W. Musser, Jr. responded to

Case Manager Schneider stating that Petitioner's PSR correctly reflected a two-level

enhancement for possession of a firearm. (Id., p. 5.) Chief Probation Officer Musser

acknowledged that Petitioner's attorney did challenge the accuracy of the above enhancement.

(Id.) As a result of the challenge, Chief Probation Officer Musser explained that "the language of

the PSR was revised to clarify that [x] stated that Mr. Jones possessed a firearm during some of

the drug transactions, but the actual weapons recovered were found at [x's] residence." (Id.)

---

[3] Case Manager Schneider stated, in pertinent part, as follows (Document No. 18, pp. 3 – 4):

Specifically, inmate Jones is challenging the Two-Point Weapons Enhancement. Line 23 states, "Two levels are added because a dangerous weapon was possessed. USSG Section 2D1.1(b)(1). According to [x], the defendant possessed a firearm during some of the drug transactions. The facts of the case also reflect that law enforcement recovered a quantity of methamphetamine from [x]'s residence in Glade Creek, Tennessee, along with three loaded handguns and one unloaded shotgun."

Inmate Jones states his attorney, John G. Oliva, submitted a letter dated November 20, 2016, to the USPO responsible for drafting the PSR containing several objections. The objection in question states, "In paragraph 23, although the plea agreement contemplated this factor, for purposes of making it clear that the firearms assessment was based on the firearms in possession of [x], and not any weapon in possession of Mr. Jones. [X] was in Tennessee. Mr. Jones was in Georgia. This could be significant should Mr. Jones attempt to obtain substance abuse treatment while in BOP custody."

Please evaluate the enclosed documentation provided by inmate Jones and determined the validity of his challenge to information contained in this PSI. Please forward a written response of your findings to my attention to include in the inmate's Central File.

Chief Probation Officer Musser, however, explained that the foregoing did not change the application of the above two-level enhancement and the "court adopted the PSR without change at the sentencing hearing." (Id.) Furthermore, Petitioner attaches pertinent pages from his plea agreement and plea hearing transcripts wherein he agreed that "[p]ursuant to § 2D1.1(b)(1), the based offense level is increased by two levels because a firearm was possessed." (Document No. 1, pp. 28 and 31.) Based upon the foregoing, the undersigned finds that the BOP complied P.S. 5800.17 concerning Petitioner's challenge to the accuracy of his PSR and there is no indication that Petitioner's PSR contains inaccurate information. The undersigned, therefore, respectfully recommends that Respondent's Motion to Dismiss (Document No. 16) be granted.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 16) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: March 1, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge